UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CRIMINAL ACTION NO. 5:15-CR-23-TBR-4

UNITED STATES OF AMERICA                                      PLAINTIFF

v.

DELANA M. MOTT                                               DEFENDANT

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant Delana M. Mott's *pro se* Motion for

Compassionate Release In Light of COVID-19. [DN 256]. The Government responded. [DN 258].

This matter is ripe for adjudication. For the reasons stated herein, Defendant's Motion for

Compassionate Release, [DN 256], is **DENIED.**

### BACKGROUND

In 2015, Defendant engaged in a conspiracy to distribute methamphetamine. Defendant

was indicted in April 2016 and pled guilty to one Count of conspiracy to possess with intent to

distribute and distribution of methamphetamine in December 2016. [DN 158]. Subsequently, on

April 21, 2017, Defendant was sentenced to a 120-month term of imprisonment and five years of

supervised release. [*Id.*] Currently, Defendant has served approximately 46 months (or 38 percent)

of her 120-month sentence. Defendant now seeks compassionate release due to her underlying

medical conditions and the COVID-19 pandemic.

### LEGAL STANDARD

"The court may not modify a term of imprisonment once it has been imposed except that-

(1) in any case—

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon
> motion of the defendant after the defendant has fully exhausted all
> administrative rights to appeal a failure of the Bureau of Prisons to bring a

motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction"

18 U.S.C.A. § 3582(c)(1)(A). "The First Step Act modified the statute concerning the compassionate release of federal prisoners, 18 U.S.C. § 3852, such that district courts may entertain motions filed by incarcerated defendants seeking to reduce their sentences." *United States of America v. D-1 Duwane Hayes*, No. 16-20491, 2020 WL 7767946, at *1 (E.D. Mich. Dec. 30, 2020) (citing *United States v. Jones*, 980 F.3d 1098, 1100 (6th Cir. 2020)). "Now, an imprisoned person may file a motion for compassionate release after (1) exhausting the BOP's administrative process; or (2) thirty days after the warden received the compassionate release request—whichever is earlier." *Jones*, 980 F.3d at 1105 (citing First Step Act of 2018, Pub. L. 115-391, Title VI, § 603(b), 132 Stat. 5194, 5239; 18 U.S.C. § 3582(c)(1)(A) (2020)).

In considering a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A), a district court shall engage in a "three-step inquiry." *United States v. Elias*, No. 20-3654, 2021 WL 50169, at *1 (6th Cir. Jan. 6, 2021) (citing *Jones*, 980 F.3d at 1101). First, "the court must 'find' that 'extraordinary and compelling reasons warrant a sentence reduction.'" *Id.* (citing *Jones*, 980 F.3d at 1101). Second, the court must "ensure 'that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *Id.* (citing *Jones*, 980 F.3d at 1101). Although the Sentencing Commission's policy statement on reductions in terms of imprisonment under 18 U.S.C. § 3582(c)(1)(A) is recited at U.S.S.G. § 1B1.13, "the Commission has not updated § 1B1.13 since the First Step Act's passage in December 2018 . . . [and] the policy statement does not wholly

survive the First Step Act's promulgation." *Jones*, 980 F.3d at 1109 (citing U.S.S.G. § 1B1.13 (U.S. Sent'g Comm'n 2018)).

Consequently, the Sixth Circuit in *Jones* decided that "[u]ntil the Sentencing Commission updates § 1B1.13 to reflect the First Step Act,  U.S. Sentencing Guideline § 1B1.13 is no longer an "applicable" policy statement in cases where an incarcerated person, as opposed to the Director of the Bureau of Prisons, files his or her own compassionate release motion in district court. *Jones*, 980 F.3d at 1109. Accordingly, district courts "may skip step two of the § 3582(c)(1)(A) inquiry" and have "full discretion . . . to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id.* at 1109, 1111. Thus, for now, district courts need not ensure that their ideas of extraordinary and compelling reasons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) are consistent with the Sentencing Commission's idea of extraordinary and compelling reasons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) as currently reflected at U.S.S.G. § 1B1.13.

Despite the Sixth Circuit's holding in *Jones*, this Court agrees with the United States District Court for the Eastern District of Kentucky in stating that "[w]hile the policy statement found in U.S.S.G. § 1B.13 of the Sentencing Guidelines is not binding, it provides a useful starting point to determine whether extraordinary and compelling reasons exist." *United States v. Muncy*, No. 6: 07-090-DCR, 2020 WL 7774903, at *1 (E.D. Ky. Dec. 30, 2020). Congress provided no statutory definition of "extraordinary and compelling reasons" in section 3582(c)(1)(A). *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020). Instead, Congress directed the United States Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *United States v. Adkins*, No. 5:18-058-DCR, 2020 WL 7755629, at *1 (E.D. Ky. Dec. 29, 2020)

(quoting 28 U.S.C. § 994(t)). Those descriptions are found in § 1B1.13 of the United States Sentencing Guidelines (policy statement) and the application notes to that section.

This policy statement describes four categories of extraordinary and compelling reasons. The first three relate to an inmate's serious medical conditions, age, and status as a caregiver. U.S.S.G. § 1B1.13, cmt. n.1(A)–(C). Specific medical conditions of a defendant constituting extraordinary and compelling reasons for a reduction in terms of imprisonment may include "terminal illness," "a serious physical or medical condition," "a serious functional or cognitive impairment," or "deteriorating physical or mental health because of the aging process." *Id.* The application note to U.S.S.G. § 1B1.13 further provides that the age of a defendant may be a necessary and compelling reason for a reduction in terms of imprisonment when "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." *Id.* The last category is a catch-all provision titled "Other Reasons," which reads: "As determined by the Director of the Bureau of Prisons, there exists in the  defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* § 1B1.13, cmt. n.1(D).

After considering whether extraordinary and compelling reasons warrant a sentence reduction and whether such a reduction is consistent with applicable policy statements issued by the Sentencing Commission, the district court proceeds to the third and final step of the analysis. If a sentence reduction is warranted under steps one and two, at step three, the court is to consider whether that reduction is defensible under the circumstances of the case by considering all relevant sentencing factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A)); *Elias*, 2021 WL 50169, at *1 (citing *Jones*, 980 F.3d at 1101); *Jones*, 980 F.3d at 1108.

**DISCUSSION**

## I. Exhaustion of Administrative Remedies

"Federal law has long authorized courts to reduce the sentences of federal prisoners facing extraordinary health conditions and other serious hardships, but only under very limited circumstances." *United States v. Beck*, --- F.Supp.3d. ----, No. 1:13-CR-186-6, 2019 WL 2716505, at *4 (M.D.N.C. June 28, 2019). Under the First Step Act, courts are now permitted to "consider motions by defendants for compassionate release without a motion" by the BOP Director "so long as the defendant has asked the Director to bring such a motion and the Director fails to or refuses." *United States v. Marshall*, No. 3:19-CR-00004-JHM, 2020 WL 114437, at *1 (W.D. Ky. Jan. 9, 2020).

On April 20, 2020, Defendant sent her request for Compassionate Release to the Warden of FCI Tallahassee, arguing that her own underlying medical conditions, her mother's rapidly declining health, and her minor child qualify her for compassionate release. [DN 256-1 at 1–5]. Defendant sent three additional follow-up requests on April 23, April 29, and March 8. [*Id.*] More than thirty (30) days lapsed without response from the Warden. Accordingly, on September 8, 2020, Defendant submitted her Motion for Compassionate Release with the Court. [DN 256]. The Government did not object to the exhaustion requirement. [DN 258]. Thus, the Court finds that Defendant has properly exhausted her administrative remedies under the First Step Act.

## II. Extraordinary and Compelling Reasons

Where, as here, an incarcerated person files a motion for compassionate release directly, the district judge may skip step two of the § 3582(c)(1)(A) inquiry and has full discretion to define and determine whether an "extraordinary and compelling" reasons exists on his own initiative, without consulting the policy statement § 1B1.13. *Elias*, No. 20-3654, 2021 WL 50169, at *1

(citing *Jones*, 980 F.3d at 1111). Though the Court agrees that the policy statement still provides a useful starting point to determine whether extraordinary and compelling reasons exist, the Court can and does look to other reasons when ruling on a motion for compassionate release. The present motion represents many filed by incarcerated persons around the country who have limited control of their environment, often cannot practice social distancing, and are concerned about contracting COVID-19. The Sixth Circuit acknowledged this concern and approved the following two-part test "for deciding when the concern of contracting COVID-19 becomes an extraordinary and compelling reason for compassionate release: (1) when the defendant is at a high risk of having complications from COVID-19 and (2) the prison where the defendant is held has a severe COVID-19 outbreak." *Elias*, 984 F.3d at 520 (quoting *United States v. Hardin*, No. 19-CR-240, 2020 WL 2610736, at *4 (N.D. Ohio May 22, 2020) (internal quotation marks omitted)).

In support of her motion, Defendant argues that the COVID-19 pandemic and her medical conditions including moderate to severe asthma, hypothyroidism, diabetes, dysmenorrhea (menstrual cramps), and back pain constitute "extraordinary and compelling reasons" warranting compassionate release. [DN 256]. Defendant also highlights the crowded prison conditions that are not conducive to proper social distancing and recommended hygiene practices. She states that she "eats, sleeps, and interacts with other inmates in a confined open-dormitory style environment making it easier for the virus to spread. [And] inmates are still being transferred between facilities." [DN 256 at 3]. In response, the Government argues that Defendant has not been infected with the coronavirus, and "[s]he does not show that she has a greater risk of contracting the disease in prison than she would if she was released or that the Bureau of Prisons could not treat her effectively if she had coronavirus." [DN 258 at 1].

Defendant's BOP medical records confirm that she is a 39-year-old white female who suffers from hypothyroidism, low back pain, dysmenorrhea, and irregular menstruation. [DN 260 at 7]. Her medical records do not contain any reference asthma or diabetes. *See generally* DN 260. It appears Defendant's hypothyroidism is being managed with Levothyroxine. [*Id.* at 7]. The Centers for Disease Control has not stated that any of Defendant's documented medical conditions put her at a greater risk of becoming infected with COVID-19 or experiencing severe complications should she become infected.[1] Regarding Defendant's hypothyroidism, the American Thyroid Association refers to the CDC's statement advising that people who are immunocompromised are at higher-risk of severe illness from COVID-19. However, thus far, "there is no indication that patients with autoimmune thyroid disease are at greater risk of getting COVID-19 or of being more severely affected should they acquire the COVID-19 infection."[2] Thus, Defendant's medical conditions do not constitute "extraordinary and compelling reasons" warranting relief under § 3582(c)(1)(A).

Defendant is currently housed at FCI Tallahassee in Tallahassee, FL. As of March 9, 2021, FCI Tallahassee had 809 total inmates.[3] There were eight inmates and 30 staff members with confirmed active cases of COVID-19.[4] The BOP reports that no inmates have died and 452 have recovered.[5] Defendant has not tested positive for the virus. Even though there are eight positive cases at FCI Tallahassee, there is no uncontrolled outbreak. Moreover, Defendant's medical

---

[1] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html
[2] American Thyroid Association, COVID-19 and the Thyroid: Frequently Asked Questions https://www.thyroid.org/covid-19/coronavirus-frequently-asked-questions/
[3] https://www.bop.gov/locations/institutions/tal/ (Accessed by the Court March 9, 2021).
[4] https://www.bop.gov/coronavirus/ (Accessed by the Court March 9, 2021).
[5] *See id.*

records show that the BOP has made significant efforts to provide meaningful care and FCI Tallahassee is equipped to meet her medical needs.

Accordingly, the Court finds that Defendant's medical conditions do not make her more susceptible or place her at high risk of having severe complications from COVID-19; and there is not a severe outbreak of COVID-19 at FCI Tallahassee. Therefore, Defendant has not shown that extraordinary and compelling reasons exist for her release. Even if extraordinary and compelling reasons did exist, compassionate release is not warranted under 18 U.S.C. § 3553(a).

### III. 18 U.S.C. § 3553(a) Factors

Considering the totality of Defendant's circumstances, Defendant's compassionate release under 18 U.S.C. § 3582(c)(1)(A) is not warranted. Nonetheless, even though the Court has found Defendant is not entitled to compassionate release, the Court will weigh the sentencing factors in § 3553(a). *United States v. Willis*, 382 F.Supp.3d 1185, 1188 (D.N.M. 2019). Pursuant to § 3553(a), a court imposing a sentence shall consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed--

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for [the applicable offense category as set forth in the guidelines];

(5) any pertinent policy statement . . . by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

In consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a), the Court finds that compassionate release is not appropriate in this case. In the present case, the "nature and circumstances" of Defendant's crimes weigh against relief. Defendant was convicted of distributing large quantities of methamphetamine. More specifically, for a period of approximately six months, Defendant frequently received quantities (ranging from two ounces to one pound) of methamphetamine from a co-conspirator. [DN 132]. Defendant received a two-level enhancement for possessing a firearm and a two-level enhancement for maintaining a premises for the purpose of manufacturing or distributing a controlled substance. [DN 132]. Defendant ultimately received a 120-month sentence of imprisonment, of which she has served just 46 months (38 percent). [DN 212]. Releasing Defendant after serving less than half of her sentence would not reflect the seriousness of her crime.

Additionally, Defendant currently has a detainer in place from the Commonwealth of Kentucky. Therefore, if released from federal custody, she would be returned to the Kentucky Department of Corrections to serve a sentence presumably related to a Russell County, Kentucky conviction in case number 15-CR-00057-002 and Carlisle County, Kentucky in case number 17-CR-00027. Thus, Defendant's situation would not be materially improved if she were released pursuant to the instant motion.

Accordingly, the Court finds that the nature and circumstances of the present offense do not support relief; and reducing her sentence to time served would minimize the nature and seriousness of the offense and would fail to afford adequate deterrence to criminal conduct. Therefore, the Court must deny Defendant's motion.

## CONCLUSION

For the above stated reasons, **IT IS HEREBY ORDERED** that Defendant's Motion for Compassionate Release in Light of COVID-19, [DN 256], is **DENIED.**

**IT IS SO ORDERED.**

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge**
**United States District Court**

March 11, 2021

CC: **Delana M. Mott**
18324-033
TALLAHASSEE
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
501 CAPITAL CIRCLE, NE
TALLAHASSEE, FL 32301
PRO SE